**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

UNITED STATES OF AMERICA

                              Plaintiff,                    Case No. 08-cr-384

            v.                                             Magistrate Judge Geraldine Soat Brown

AHMAD ALI AHMAD,

                              Defendant.


**MEMORANDUM IN SUPPORT OF DEFENDANT'S ORAL MOTION TO PRODUCE
WITNESS STATEMENTS PURSUANT TO FED. R. CRIM. P. 5.1 AND 26.2**

Defendant Ahmad Ali Ahmad respectfully submits this memorandum in support of his

oral motion to produce witness statements pursuant to Rules 5.1 and 26.2(a) of the Federal Rules

of Criminal Procedure.  Mr. Ahmad submits that the plain language of these rules and their

underlying policies require the production of the witness statements Agent Curtis relied at Mr.

Ahmad's preliminary hearing.  Because Agent Curtis relied on the facts contained in those

undisclosed witness statements as the basis for his testimony, and presented those facts to the

Court as true and as the purported basis for finding probable cause, Agent Curtis adopted or

approved those statements within the meaning of Rule 26.2.  Alternatively, if the Court finds that

Agent Curtis did not adopt or approve the undisclosed witness statements, there is no basis for

finding probable cause against Mr. Ahmad, and the Court should dismiss the complaint against

him.

I.      Brief Background

On June 5, 2008 this Court held a preliminary hearing to determine whether there was

probable cause that Mr. Ahmad committed bank robbery in violation of 18 U.S.C. § 2113(a) and

2. The government's sole witness was Agent Curtis of the FBI.  Agent Curtis testified that he

had no first-hand knowledge of any of the relevant facts.  He did not interview the defendant, or

any of the witnesses. He did not visit the scene of the robbery, nor did he examine any of the physical evidence.

Agent Curtis testified that he relied solely on the information obtained and compiled by other FBI agents, including several FBI reports of investigation regarding the interviews of other witnesses and/or defendants. His testimony offered in support of the government's showing of probable cause was based, in large part, on his review of FBI reports of investigation regarding: (1) statements made by Viktoria Malukaite, an individual who admitted her involvement in the bank robbery and who implicated Mr. Ahmad and others; (2) evidence collected regarding the bank robbery; and (3) a statement from a bank employee who examined cash that was recovered.

Mr. Ahmad moved under Rule 26.2 for the production of the statements on which Agent Curtis relied as the basis for his testimony. The government objected, and after brief argument the Court granted Mr. Ahmad leave to file a memorandum in support of his oral motion for witness statements. The Court stayed its determination of probable cause pending resolution of the witness statement issue.

II.    Argument

Production of the witness statements that Agent Curtis relied on in testifying at the preliminary hearing, and which provided the facts the government offered in support of its assertion of probable cause, is required under Rule 26.2 because Agent Curtis adopted or approved those statements when he took the stand and testified under oath as to the facts contained in those reports of investigation, as he had no independent or first-hand knowledge of the truth of those reports. It was thus only by adopting or approving those statements that he could have testified under oath about the truth of the facts contained therein.

The applicability of Rule 26.2 at a preliminary hearing is beyond dispute. *See* Rule 5.1(h)(1). Rule 26.2(a) provides that after a witness other than the defendant testifies on direct

examination, upon a request of the party who did not call the witness, the Court must order the other party's attorney to produce for examination and use any statement of the witness that is in their possession and relates to the subject matter of the witness's testimony.  Rule 26.2(f)(1) defines "statement" as "a written statement that the witness makes and signs, or otherwise adopts or approves."  If a party fails to produce a statement, the court may not consider the testimony of the witness whose statement is withheld.  *See* Rule 5.1(h)(2).

By refusing to produce the statements Agent Curtis relied on, the government is unfairly attempting to  insulate Agent Curtis and the witness statements from the cross examination required under Rules 5.1 and 26.2.  *See U.S. v. Wicktor*, No 05-1268, 2005 U.S. Dist. LEXIS 32776, *10 (D. Ariz. 2005) (affirming Magistrate Judge's order requiring production of non-testifying witness statements that were relied upon by testifying witness during preliminary hearing).

In *Wicktor*, the defendant moved for production of statements that the testifying witness relied on but did not write.  The Magistrate Judge granted the defendant's motion, and the District Court affirmed, holding that by relying on the reports for his testimony, the witness adopted or approved those statements.  *Wicktor*, 2005 U.S. Dist. LEXIS 32776, *8-9.  The District Court concluded that the government's justification that the witness statements should be withheld because they were not made by the testifying witness "does not reflect the spirit of Rule 26.2(a) and is neither fair nor just under the circumstances."  *Id*. at *10.

The result should be the same in this case.  Agent Curtis had no first-hand knowledge of any of the facts about which he testified.  Instead, he relied in his sworn testimony solely on the statements of others, including several FBI reports of investigation relating to the interviews of witnesses and defendants and the collection of evidence.  By relying on the statements contained

in the FBI reports of investigation as the basis for his testimony as well as the government's assertion of probable cause, Agent Curtis adopted or approved those statements. Thus, by operation of Rule 26.2(a) and (f)(1), applicable to the preliminary hearing through Rule 5.1(h)(1), those witness statements must be produced.

Significantly, Rule 26.2(f)(1) does not require that a witness actually author the relevant statement before a court orders its production. *See Wicktor*, 2005 U.S. Dist. LEXIS 32776, *9 (ordering production of reports relied on by witness even through witness "neither uttered nor drafted the words" in the reports). Rather, the witness need only adopt or approve the statement. The plain reading of the Rule dictates as much, particularly when it is contrasted with the language of the Jencks Act, 18 U.S.C. § 3500(e)(1). Rule 26.2 derives from the Jencks Act (*see* 1979 Committee Notes to Rule 26.2), which is interpreted to require only the production of statements written by the testifying witness. Yet, there are significant textual differences between Rule 26.2 and the Jencks Act that illustrate why the former applies to witness statements not actually written by the testifying witness.

Section 3500(e) applies to statements made by witnesses called by the government. Specifically, § 3500(e)(1) provides that a "statement" means "a written statement made by said witness *and* signed or otherwise adopted or approved by him." Rule 26.2, which is not limited to government witnesses, defines "statement" to mean "a written statement that the witness makes and signs, *or* otherwise adopts or approves." The structural and textual differences between the two provisions cannot be ignored, and must be given effect. Thus, comparing the two provisions leads to the conclusion that the Jencks Act applies to statements that a witness (a) makes and (b) signs or otherwise adopts or approves, while Rule 26.2(f)(1) is broader and applies to statements that a witness (a) makes and signs, or (b) otherwise adopts or approves. There can be no other

explanation for the changes Congress made to the language of the Jencks Act in enacting Rule 26.

A key structural difference between the two provisions that yields these different results is the comma before the disjunctive "or" in Rule 26.2(f)(1) between "signs" and "otherwise." Cases that have denied Rule 26.2 motions for statements not written by the testifying witness have done so by improperly superimposing the strictures of the Jencks Act on Rule 26.2. [1] However, if Congress had intended for Rule 26.2 to be interpreted in the same manner as the Jencks Act, then it would have mirrored the language of the Jencks Act.   It chose not to do so.

Instead, Congress intentionally chose to add key structural differences when it translated the Jencks Act into the Rules of Criminal Procedure.  By doing so, Congress altered the meaning of "statement."  Generally, "phrases separated by a comma and the disjunctive 'or,' are independent."  *Smoot v. Commonwealth*, 37 Va. App. 495, 501 (Va. Ct. App. 2002). Courts have frequently interpreted a comma followed by a disjunctive "or" to create discrete and independent phrases in the language of federal laws.  *See, e.g.*, *United States v. Erdos*, 474 F.2d 157, 159 (4th Cir. 1973) (interpreting 18 U.S.C. § 7 to find distinct phrases separated by a comma and "or"); *State ex rel. Stenehjem v. FreeEats.com, Inc.*, 2006 ND 84, P14 (N.D. 2006) (analyzing 47 U.S.C. § 227(e)(1) and concluding that "coupled with the comma preceding 'or,' which indicates a separate clause, the statutory language clearly creates two distinct and independent phrases"); *Gordon v. Lewiston Hosp.*, No. 1:CV-99-1100, 2006 U.S. Dist. LEXIS 70938, *6 (M.D. Pa. Sept. 28, 2006) (analyzing 42 U.S.C. § 11113 and finding terms to be distinct and independent because they were separated by a comma followed by "or").

---

[1] The exception is *Wicktor*, which viewed statement to have the same meaning in Rule 26.2(f) and § 3500(e) (*see Wicktor*, 2005 U.S. Dist. LEXIS 32776, *4), but still arrived at the correct conclusion ordering production.

Thus, under proper principals of statutory construction, in Rule 26(f)(1), the phrase "makes and signs" is distinct and independent from the phrase "adopts or approves." The Courts that have denied Rule 26.2 motions to produce statements have overlooked the structural differences between Rule 26.2(f)(1) and § 3500(e)(1) and have incorrectly read Rule 26.2(f)(1) to apply only to statements that the witness has (a) made and (b) signed, approved, or adopted. For example, in *United States v. Valdez-Gutierrez*, 07-cr-2432, 2007 WL 506507, *3 (D. N.M. 2007), the Court misread Rule 26.2 as being narrower than § 3500(e)(1) based on the presence of the comma in Rule 26.2. Similarly, in *United States v. Begaye*, 236 F.R.D. 448, 452 (D. Ariz. 2006) the Court ignored the text of Rule 26.2(f)(1) and superimposed the Jencks Act instead. In *Begaye* the Court also erred by treating the joint investigation doctrine, which is but one way to approve or adopt a statement, as the sole method for adopting or approving. *Id*. at 453. This is incorrect, as a statement is adopted or approved through numerous means, including when it is generally "vouched for." *See United States v. Gotchis*, 803 F.2d 74, 77 (7th Cir. 1986) (interpreting Rule 26.2(f)(1) to contemplate writings "that the witness has in some manner vouched for" and denying production of handwritten notes of a conversation that the witness did not rely on during testimony or otherwise vouch for). A witness who offers sworn testimony that is based on statements no doubt vouches for those statements.[2]

As required by the text of Rule 26.2, a witness is required to produce a statement even if he did not write it, so long as he adopted or approved the statement. Such is the case here where Agent Curtis adopted and approved of the witness statements by parroting back their facts in his testimony offered to demonstrate probable cause. Agent Curtis had no independent knowledge

---

[2] An expansive treatment of the joint investigation doctrine creates greater incentive for the government to use witnesses who have no involvement in the investigation or lack first-hand knowledge in order to further insulate the statements on which those witnesses rely, ultimately prejudicing the defendant's rights under Rule 5.1—just as is the case here.

of the events about which he testified.  He testified about facts contained in the FBI reports of

investigation, without any independent or even corroborating basis for such testimony.  If he did

not adopt and approve the statements contained in those reports of the investigation, then there is

simply no basis to support a finding of probable cause.  Thus, the witness statements are

"statements" under Rule 26.2(f)(1) and should be produced on Mr. Ahmad's Rule 26.2(a) motion

or, alternatively, the Court should find no probable cause.

      Moreover, the purposes of Rule 5.1 will be substantially undermined if the government is

allowed to rely on Agent Curtis's testimony without disclosing its foundation. Rule 5.1 is

designed to  provide the defendant with essential tools to challenge the government's assertion of

probable cause at a preliminary hearing and expressly allows the defendant to cross-examine

adverse witnesses.  The incorporation of Rule 26.2 also emphasizes the need for testing the

credibility of witnesses during a preliminary hearing, which is conveyed in the following

Committee Notes:

> The primary reason for extending the coverage of Rule 26.2 rested heavily
> upon the compelling need for accurate information affecting a witness'
> credibility.  That need, the Committee believes, extends to a preliminary
> examination under this rule where both the prosecution and the defense
> have high interests at stake.

1998 Committee Notes to Rule 5.1.

> The reasons given in 1983 for extending Rule 26.2 to suppression hearing
> are equally compelling with regard to other adversary type hearings which
> ultimately depend on accurate and reliable information.  That is, there is a
> continuing need for information affecting the credibility of witnesses who
> present testimony.  And that need exists without regard to whether the
> witness is presenting testimony at a pretrial hearing, at a trial, or at a post-
> trial proceeding.

1993 Committee Notes to Rule 26.2.  Here, the government's use of Agent Curtis, a witness who

had no first-hand knowledge but instead relied on FBI reports of investigation witness statements

is contrary to these clear policies articulated above.

The government attempted to insulate its case against Mr. Ahmad from the requisite examination by using Agent Curtis and only populating him with select and self-serving bits of knowledge through statements of other FBI agents. But it was more than clear that Agent Curtis lacked any knowledge beyond those reports, as he could not answer even the most basic questions about the government's case against Mr. Ahmad. For example, when asked to identify the circumstances of Malukaite's identification of Mr. Ahmad, Agent Curtis did not have any answers. Similarly, Agent Curtis could not relay any details concerning any forensic evidence, except for the paper thin evidence concerning the bands that wrapped the cash, which again was merely a recitation of the statements of other FBI agents.

Thus, the case for production here is even stronger than that in *Wicktor*, in which the witness's testimony was partially based on his own knowledge. As a result of Agent Curtis' lack of first-hand knowledge, which prevented meaningful cross examination, and his heavy reliance on the statements of other FBI agents, including the affidavit used in support of the complaint, the "preliminary hearing [was] little more than a duplication of the probable cause decisions that foreran [Mr. Ahmad's] arrest." *Coleman v. Burnett*, 477 F.2d 1187, 1204 n.96 (D.D.C. 1973). Simply rehashing the affidavit used for the issuance of the complaint is inconsistent with the purpose and policy of a Rule 5.1 preliminary hearing, at which the government must meet a higher burden than is required at an *ex parte* warrant application. *See United States v. Rodriguez*, 460 F. Supp. 2d 902, 906-07 (S.D. Ind. 2006).

Further, the government's refusal to produce the witness statements which formed the basis of Agent Curtis's testimony deprived Mr. Ahmad the opportunity to conduct meaningful cross-examination. Agent Curtis testified that he reviewed the reports containing witness statements of Malukaite, in addition to the witnesses statements concerning forensic evidence

that was recovered and the bank employee's statements.  Yet, the government has prevented Mr. Ahmad from testing the reliability of those reports that formed the basis of Agent Curtis' assessment of probable cause.  If the government chooses to use hearsay evidence through a witness who has no first hand knowledge, then the only way to test the reliability of the evidence is to examine the underlying source—the reports.

As in *Wicktor*, 2005 U.S. Dist. LEXIS 32776, *10, the government's use of Agent Curtis, who had no first-hand knowledge, merely recited another Agent's affidavit that was used for Mr. Ahmad's arrest, and who adopted and approved of witness statements that the government then insulated from examination, undermines Rules 26.2 and Rule 5.1, is unfair, and should not be permitted.

WHEREFORE, for the foregoing reasons, Ahmad Ali Ahmad respectfully requests that this court grant his oral motion for production of witness statements or, alternatively, enter a finding of no probable cause and dismiss the complaint against Mr. Ahmad.


Respectfully submitted,
AHMAD ALI AHMAD


By: _____ s/ Joshua G. Herman _____

Douglas E. Whitney
Joshua G. Herman
McDERMOTT WILL & EMERY LLP
227 West Monroe, Suite 4400
Chicago, Illinois  60606
Ph: (312) 372-2000
Fax: (312) 984-7700

Assisted by:
Joanna Perini, Summer Associate

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that that he electronically filed a copy of the foregoing on the CM/ECF system, with copies being automatically sent to the parties of record who are registered e-filers.


_____ s/ Joshua G. Herman _____
Joshua G. Herman

CHI99 4992905-3.099744.0063