UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.    08 CR 384 |
| | ) | |
| v. | ) | |
| | ) | |
| AHMAD ALI AHMAD | ) | Chief Judge James F. Holderman |
| | ) | |
| | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for an extension of time, to and including July 12, 2008, in which to seek the return of an indictment or file an information against the defendant Ahmad Ali Ahmad, for the following reasons:

1.      This bank robbery investigation was initiated on May 6, 2008.  On May 29, 2008, Ahmad was arrested and charged by way of criminal complaint with bank robbery in violation of Title 18, United States Code, Sections 2113(a) and 2.

2.      The Speedy Trial Act mandates that an indictment or information be filed within 30 days of the date of the defendant's arrest.  18 U.S.C. § 3161(b).  Accordingly, the deadline for indictment or information is June 28, 2008.

3.      The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension.  Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that

the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal

matters occurring before the Grand Jury.

4.      Given the reasons stated in the government's sealed Attachment, the thirty days

available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to

file an indictment or information against a defendant based on his arrest will not be sufficient. The

United States estimates that an extension to and including July 12, 2008, will provide sufficient time

within which to return an indictment or information in this matter.

5.      The Speedy Trial Act permits the extension of time to return an indictment "upon the

request of the attorney for the government if the Court finds that the ends of justice served by taking

such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

§ 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

a.      Whether the failure to grant such a continuance in the proceeding would be

likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

18 U.S.C. § 3161(h)(8)(B)(i);

b.      Whether, in a case in which arrest precedes indictment, delay in the filing of

the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect

return and filing of the indictment within the period specified in section 3161(b), or because the facts

upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161

(h)(8)(B)(iii); and

c.      Whether the failure to grant such a continuance in a case, which, taken as a

whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the

government the reasonable time necessary for effective preparation, taking into account the exercise

of due diligence.  18 U.S.C. §3161(h)(8)(B)(iv).

6.        The government respectfully submits that the continuance is warranted in this case pursuant to the forgoing provisions.  The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited in the government's Attachment) exist.  The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

7.        Counsel for the government has spoken with Ahmad's attorneys, Joshua Hermman and Doug Whitney, who stated they have no objection to this extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests an extension of time to and including July 12, 2008, in which to seek an indictment in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    Erik Hogstrom_____
       Erik A. Hogstrom
       Assistant United States Attorney
       United States Attorney's Office
       219 South Dearborn Street
       Chicago, Illinois  60604
       (312) 353-8709

Dated: June 17, 2008

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR FILE INFORMATION**

was served on June 18, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, as well as via U.S. mail by placing a copy in the mail on June 17, 2008, on the following party:

Doug Whitney
Joshua Hermman
Attorneys for Ahmad Ali Ahmad
McDermott, Will & Emery
227 W. Monroe St.
Chicago, IL 60606

By:    Erik Hogstrom
Erik A. Hogstrom
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-8709