UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 384 |
| | ) | |
| vs. | ) | The Honorable Geraldine Soat Brown |
| | ) | |
| AHMAD ALI AHMAD | ) | |

## ORDER OF DETENTION PENDING TRIAL

This matter has come before the Court on the Government's motion to detain defendant Ahmad Ali Ahmad pending trial, pursuant to 18 U.S.C. § 3142(e). The Court and the parties have received and reviewed the report prepared by the Pretrial Services Officer, and the Court has held a hearing pursuant to 18 U.S.C § 3142(f) to determine whether any condition or set of conditions will reasonably assure the appearance of defendant as required and the safety of the community. The Court has considered all of the factors set forth in 18 U.S.C. § 3142(g), and hereby finds as follows.

1. The defendant has been charged in a criminal complaint with bank robbery in violation of 18 U.S.C §§ 2113(a) and 2. Counsel was appointed to represent the defendant.

2. On June 5, 2008, the Court held a preliminary hearing pursuant to Fed. R. Crim. P. 5.1, and found probable cause for the charge against the defendant. A hearing was then held on the Government's motion for pretrial detention.

3. The defendant's history discloses a number of criminal charges and convictions, some of which were for crimes of violence, and demonstrates the defendant's failure to conform his

conduct to the conditions of supervision imposed upon him by courts. The defendant, now 22 years old, has a history of criminal convictions beginning at age 17 with a series of misdemeanors including criminal damage to property, resisting a police officer, theft, and possession of cannabis. More importantly, at the time of his arrest on the present charge, the defendant was out on bond on a 35-count felony indictment including charges of armed robbery with a firearm, attempted armed robbery, and aggravated unlawful restraint. The defendant had failed to appear in court on the most recent date for those charges and a warrant was issued. His history reflects other bond forfeitures and failures to appear for court proceedings.

4. The information the defendant gave information to the Pretrial Service Officer was not verified or was otherwise questionable. The defendant advised the Pretrial Services Officer that since February 2008 he has lived with his girlfriend. His girlfriend, however, has advised Pretrial Services that defendant does not live with her and instead lives with his family in Oak Lawn, Illinois. The Pretrial Services Officer reports that the defendant said that he works one week per month and earns $1000 per month. However, the defendant's girlfriend reported that the defendant has been unemployed since March or April 2008 and has no income.

5. The defendant has used an alias of "Suliman A. Ahmad." He also tested presumptively positive for marijuana.

6. Although this factor is afforded less weight because of the presumption of innocence that remains with the defendant, the crime charged is one of violence and the evidence at the preliminary hearing of the defendant's involvement with that crime was substantial. The affidavit in support of the criminal complaint and the evidence at the preliminary hearing described a bank robbery by two men, both carrying guns. Among other evidence linking the defendant to the crime, the government's witness testified that a search of the basement in the

defendant's parents' home where the defendant had been living uncovered bullets in the mattress and $15,000 in cash, some wrapped with the bank's money wrapper identified by the bank employees.

7. Although the defendant's family offered to act as third-party custodians, the Court concludes that having the defendant reside in his parents' home, even with electronic monitoring would not be sufficient to reasonably assure the safety of the community and the defendant's compliance with conditions of release. The defendant was residing with his family when the serious offenses with which he has been charged in federal and state court occurred, and evidence was seized from their home. The Court doubts that the defendant's parents can control the defendant's behavior.

8. In light of the above, the government has demonstrated by clear and convincing evidence pursuant to 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of the community.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3142, that defendant Ahmad Ali Ahmad is remitted to the custody of the Attorney General for confinement in a corrections facility until resolution of this case or until further order of the Court. During the period of confinement, defendant shall be kept separate, to the maximum extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that the defendant shall be afforded reasonable opportunity for private consultation with counsel.

IT IS FURTHER ORDERED that on Order of a United States Court or on request of an attorney for the government, the defendant shall be delivered to a United States Marshall for the purpose of an appearance in connection with a court proceeding.

ENTER:

*Geraldine Soat Brown*
Geraldine Soat Brown
United States Magistrate Judge

DATED: July 2, 2008

U.S. DISTRICT COURT
2008 JUL -2 PM 2:08
FILED

4